## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**JOE LEWIS GOODWIN,**

        **Plaintiff,**

        **v.**                    **CASE NO.  24-3083-JWL**

**FEDERAL BUREAU OF PRISONS,**
**et al.,**

        **Defendants.**

## MEMORANDUM AND ORDER TO SHOW CAUSE

Plaintiff Joe Lewis Goodwin is hereby required to show good cause, in writing to the Honorable John W. Lungstrum, United States District Judge, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.

### I.  Nature of the Matter before the Court

Plaintiff, a federal prisoner, brings this pro se civil rights action under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  Plaintiff is incarcerated at FCI-Leavenworth in Leavenworth, Kansas ("FCIL"), formerly named USP Leavenworth ("USPL").  Plaintiff filed this case in the United States District Court for the Western District of Missouri, and the case was transferred to this Court on May 30, 2024.  The Court grants Plaintiff's motion for leave to proceed in forma pauperis.

Plaintiff alleges that his Eighth Amendment rights were violated at FCIL.  He claims that he was denied proper medical care when he contracted H. Pylori.  (Doc. 1, at 4.)  Plaintiff claims that on January 8, 2024, he was taken to health services at FCIL due to his complaints of abdominal pain and dizziness.  *Id*. at 5.  Plaintiff alleges that the nurse practitioner indicated his

blood pressure was "sky high" at 183 over 136.  *Id.*  Plaintiff alleges that he was not taken to an outside hospital, which is required "by policy."  *Id.*

Plaintiff alleges that he was notified that he tested positive for H. Pylori and no further actions were taken.  Plaintiff claims that because he did not receive treatment for the infection, he lost 55 pounds.  *Id.*

Plaintiff names the Federal Bureau of Prisons ("BOP") and FCIL as defendants.  Plaintiff seeks $1,000,000 in compensatory damages.  *Id.*

## II.  Statutory Screening

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In addition, the court accepts all well-pleaded allegations in the complaint as true.  *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006).  On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to

relief" requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted).  The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).  The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals.  *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009).  As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted).  Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted).  "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. DISCUSSION

Plaintiff has not shown that a *Bivens* remedy is available for his claims.  The Tenth Circuit recently recognized the Supreme Court's decision in *Carlson v. Green*, 446 U.S. 14 (1980), where the Supreme Court implied a damages action for a federal prisoner's inadequate-care claim under the Eighth Amendment.  *Noe v. United States Gov't*, 2023 WL 8868491, at *2 (10th Cir. Dec. 22, 2023).  The Tenth Circuit in *Noe* stated that:

> However, the Supreme Court has since "emphasized that recognizing a cause of action under *Bivens* is a disfavored judicial activity." *Egbert*, 596 U.S. at 491 (internal quotation marks omitted).  Accordingly, the Court eventually settled on a two-step analysis of proposed *Bivens* claims. At step one, a court has to consider "whether the case presents 'a new *Bivens* context'—*i.e.*, is it 'meaningfully' different from the three cases in which the [Supreme] Court has implied a damages action." *Id.* at 492 (brackets omitted) (quoting *Ziglar v. Abbasi*, 582 U.S. 120, 139 (2017)). And at step two, "if a claim arises in a new context, a *Bivens* remedy is unavailable if there are 'special factors' indicating that the Judiciary is at least arguably less equipped than Congress to 'weigh the costs and benefits of allowing a damages action to proceed.' " *Id.* (quoting *Abbasi*, 582 U.S. at 136).
>
> Noe argues that his *Bivens* claim is cognizable because the factual context of his case is like the factual context in *Carlson*, and factual similarity is sufficient to permit [] *Bivens* claims to proceed regardless of whether a plaintiff has a meaningful alternative remedy. Noe also argues that the BOP's Administrative Remedy Program (ARP) is not a meaningful alternative to a civil action. Because the district court dismissed the *Bivens* claim with prejudice for failure to state a claim for relief, our review is de novo. *See Albers v. Bd. of Cnty. Comm'rs*, 771 F.3d 697, 700 (10th Cir. 2014).
>
> We need not decide whether Noe's case is meaningfully different from *Carlson*, because in the wake of *Egbert* and *Silva v. United States*, 45 F.4th 1134 (10th Cir. 2022), the availability of the ARP is sufficient to foreclose a *Bivens* claim despite any factual similarity between the two.  In *Silva*, we observed that *Egbert* "appeared to alter the existing two-step *Bivens* framework by stating that 'those steps often resolve to a single question: whether there is any reason to think that Congress might be better equipped

to create a damages remedy.' " 45 F.4th at 1139 (quoting *Egbert*, 596 U.S. at 492). And we viewed "the key takeaway from *Egbert*" as being "that courts may dispose of *Bivens* claims for 'two *independent* reasons: Congress is better positioned to create remedies in the [context considered by the court], and the Government already has provided alternative remedies that protect plaintiffs.' " 45 F.4th at 1141 (quoting *Egbert*, 596 U.S. at 494) (emphasis and brackets in *Silva*). We concluded that, in light of Supreme Court precedent, "the [ARP] is an adequate 'means through which allegedly unconstitutional actions can be brought to the attention of the BOP and prevented from recurring.' " *Id.* (ellipsis omitted) (quoting *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 74 (2001)). And " '[b]ecause *Bivens* is concerned solely with deterring the unconstitutional acts of individual officers,' " we determined that "the availability of the [ARP] offers an independently sufficient ground to foreclose [a] *Bivens* claim" brought by a federal prisoner. *Id.* (quoting *Egbert*, 596 U.S. at 498). [FN 3]

Read together, *Egbert* and *Silva* direct that where the government has provided an alternative remedy, a court generally should not recognize a *Bivens* claim even if the factual context is not meaningfully different from that in *Bivens*, *Davis*, or *Carlson*. And here, the ARP, which *Silva* says is an adequate alternative remedy, is available to Noe. Thus, Noe's *Bivens* claim is, as the district court concluded, not cognizable.

As Noe points out, at least one district court (outside the Tenth Circuit) has said that if the context is not meaningfully different from *Bivens*, *Davis*, or *Passman*, the analysis ends there, and the *Bivens* claims can proceed without the step-two inquiry into whether an adequate alternative remedy exists. *See Kennedy v. Massachusetts*, 643 F. Supp. 3d 253, 259 (D. Mass. 2022) ("[B]ecause this court is not fashioning a new *Bivens* context, the Court need not consider alternative remedial structures."). [FN 4] But precedential decisions of this court bind later panels unless there has been "en banc reconsideration or a superseding contrary decision of the U.S. Supreme Court." *United States v. Ensminger*, 174 F.3d 1143, 1147 (10th Cir. 1999) (internal quotation marks omitted). Because neither of those conditions is satisfied, we are bound by *Silva*'s interpretation of *Egbert*.

*Id.* at *2–3 (footnotes omitted).[1]

---

[1] The Tenth Circuit noted in footnotes 3 and 4 that:

Based on the reasoning set forth in the recent Tenth Circuit opinion in *Noe*, the Court finds that Plaintiff's Complaint fails to state a claim for relief under *Bivens*.

Even if Plaintiff could assert a cause of action under *Bivens*, this matter would still be subject to dismissal because Plaintiff names the BOP and FCIL as the only defendants.  Neither is a proper defendant for a *Bivens* action. *Bivens* actions must be brought against individual federal agents or officers; they may not be brought against an individual's employer, the United States, or the Bureau of Prisons.  *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 72 (2001); *see also Harlin v. USP Leavenworth*, 2022 WL 2791180, *2 (D. Kan. July 15, 2022) (holding in a *Bivens* action that "USPL is not a proper defendant in this matter").  As explained above, even if Plaintiff named a proper defendant, Plaintiff has not stated a plausible claim for relief under *Bivens*.

## IV.  Motion for Appointment of Counsel

Plaintiff has filed a motion for appointment of counsel, arguing that he has been unable to find counsel due to his financial situation and his lack of access to a phone or the internet. (Doc.6, at 3–4.)  He states that he does not have anyone to help him from outside of the facility. *Id*. at 4.  He claims that he is from Texas and does not know any attorneys in Kansas.  *Id*. at 6–1.

The Court has considered Plaintiff's motion for appointment of counsel.  There is no constitutional right to appointment of counsel in a civil case.  *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995).  The decision

---

FN3:  In *Silva*, we noted that *Egbert* did not overrule *Abbasi* and that there was some tension between *Abbasi*'s two-step approach and *Egbert*'s apparent collapsing of those two steps into one. *See* 45 F.4th at 1139 & n.4. But we "decline[d] to address or resolve any [such] tension . . . because it [was] not necessary to dispose of the appeal before us." *Id.* Likewise, here, we may decide this appeal without resolving any tension between *Abbasi* and *Egbert* given our reliance on *Silva*'s interpretation of *Egbert*.

FN4:  Noe relies on another case taking the same approach, *Ibuado v. Federal Prison Atwater*, No. 1:22-cv-00651, 2022 WL 16811880, at *4 (E.D. Cal. Nov. 8, 2022) (unpublished), but that decision—a magistrate judge's recommendation—was vacated by the magistrate judge before the district court ever ruled on it, *see* 2023 WL 159568, at *1 (E.D. Cal. Jan. 11th, 2023) (unpublished).

whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979). The Court concludes in this case that (1) it is not clear at this juncture that Plaintiff has asserted a colorable claim against a named defendant; (2) the issues are not complex; and (3) Plaintiff appears capable of adequately presenting facts and arguments. The Court denies the motion without prejudice to refiling the motion if Plaintiff's Complaint survives screening.

## V.  Response Required

Plaintiff is required to show good cause why his Complaint should not be dismissed for the reasons stated herein. Failure to respond by the deadline may result in dismissal of this matter without further notice for failure to state a claim.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's motion for leave to proceed in forma pauperis (Doc. 7) is **granted**. Notwithstanding this grant of leave, Plaintiff is required to pay the full amount of the filing fee and is hereby assessed $350.00. Plaintiff is required to make monthly payments of 20 percent of the preceding month's income credited to

the prisoner's account. The agency having custody of Plaintiff shall forward payments from the prisoner's account to the Clerk of the Court each time the amount in the account exceeds $10.00 until the filing fees are paid. 28 U.S.C. § 1915(b)(2). The Clerk is to transmit a copy of this order to Plaintiff, to the finance office at the institution where Plaintiff is currently confined, and to the Court's finance office.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel (Doc. 6) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff is granted until **July 15, 2024,** in which to show good cause, in writing to the Honorable John W. Lungstrum, United States District Judge, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED**.

**Dated June 14, 2024, in Kansas City, Kansas.**

<u>S/  James P. O'Hara</u>
**JAMES P. O'HARA**
**UNITED STATES MAGISTRATE JUDGE**