IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOE LEWIS GOODWIN,

    **Plaintiff,**

v.                                                                                           CASE NO. 24-3083-JWL

FEDERAL BUREAU OF PRISONS,
et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff, a federal prisoner, brings this pro se civil rights action under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Plaintiff is incarcerated at FCI-Leavenworth in Leavenworth, Kansas ("FCIL"), formerly named USP Leavenworth ("USPL"). Plaintiff filed this case in the United States District Court for the Western District of Missouri, and the case was transferred to this Court on May 30, 2024. The Court granted Plaintiff leave to proceed in forma pauperis. On June 14, 2024, the Court entered a Memorandum and Order to Show Cause (Doc. 8) ("MOSC") ordering Plaintiff to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC. This matter is before the Court on Plaintiff's response (Doc. 9).

**I. Nature of the Matter Before the Court**

Plaintiff alleges that his Eighth Amendment rights were violated at FCIL. He claims that he was denied proper medical care when he contracted H. Pylori. (Doc. 1, at 4.) Plaintiff claims that on January 8, 2024, he was taken to health services at FCIL due to his complaints of abdominal pain and dizziness. *Id*. at 5. Plaintiff alleges that the nurse practitioner indicated his

1

blood pressure was "sky high" at 183 over 136. *Id*. Plaintiff alleges that he was not taken to an outside hospital, which is required "by policy." *Id*.

Plaintiff alleges that he was notified that he tested positive for H. Pylori and no further actions were taken. Plaintiff claims that because he did not receive treatment for the infection, he lost 55 pounds. *Id*. Plaintiff names the Federal Bureau of Prisons ("BOP") and FCIL as defendants and seeks $1,000,000 in compensatory damages. *Id*.

## II. DISCUSSION

The Court found in the MOSC that Plaintiff has not shown that a *Bivens* remedy is available for his claims.[1] In his response, Plaintiff sets forth the consequences for contracting the H. Pylori infection, including: there is no cure; he will be released soon and will be responsible for medical expenses; he is not willing to be around his family due to his fear that they will contract the infection; the infection can be a gateway to other health issues; the pipes at FCIL contain this bacteria; his health is steadily declining without the proper medication and treatment; and he now has legal fees for filing this matter. (Doc. 9, at 1.) Plaintiff's response does not address the Court's finding that a *Bivens* remedy is not available for his claims.

The Tenth Circuit recently noted that the Supreme Court "is on course to treating *Bivens* as a relic of the 20th century" and that "[t]his development has been gradual, but relentless." *Logsdon v. U.S. Marshal Serv.*, 91 F.4th 1352, 1355 (10th Cir. 2024), *rehr'g denied* (Apr. 5, 2024). The Tenth Circuit in *Logsdon* found that:

---

[1] The Court also found in the MOSC that even if Plaintiff could assert a cause of action under *Bivens*, this matter would still be subject to dismissal because Plaintiff names the BOP and FCIL as the only defendants. Neither is a proper defendant for a *Bivens* action. *Bivens* actions must be brought against individual federal agents or officers; they may not be brought against an individual's employer, the United States, or the Bureau of Prisons. *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 72 (2001); *see also Harlin v. USP Leavenworth*, 2022 WL 2791180, *2 (D. Kan. July 15, 2022) (holding in a *Bivens* action that "USPL is not a proper defendant in this matter"). Regardless, Plaintiff has not stated a plausible claim for relief under *Bivens*.

>Without explicitly overruling its three acknowledged precedents, the [Supreme] Court has shown an increasing willingness to distinguish them, now stating that the ultimate question to ask when determining whether the courts should recognize a *Bivens* cause of action not created by Congress is ordinarily only "whether there is any reason to think that Congress might be better equipped to create a damages remedy." *Egbert v. Boule*, 596 U.S. 482, 492, 142 S. Ct. 1793, 213 L.Ed.2d 54 (2022). And the circumstances in which the answer to the question is "no" appears to comprise a null set. *See id.* at 503, 142 S. Ct. 1793. (Gorsuch, J., concurring) ("When might a court *ever* be 'better equipped' than the people's elected representatives to weigh the 'costs and benefits' of creating a cause of action? It seems to me that to ask the question is to answer it. To create a new cause of action is to assign new private rights and liabilities—a power that is in every meaningful sense an act of legislation."); *see also Silva v. United States*, 45 F.4th 1134, 1140 (10th Cir. 2022) ("[W]e are left in no doubt that expanding *Bivens* is not just 'a disfavored judicial activity,' it is an action that is impermissible in virtually all circumstances." (quoting *Egbert*, 596 U.S. at 491, 142 S. Ct. 1793) (citation omitted)). The Court has said in effect that almost any difference between the case at hand and the three Court precedents can justify rejecting a cause of action. *See Egbert,* 596 U.S. at 503, 142 S. Ct. 1793 (Gorsuch, J., concurring) ("Candidly, I struggle to see how this set of facts differs meaningfully from those in *Bivens* itself.").
>
>And, perhaps even more striking, the Court has justified a departure from those precedents even when the facts are virtually the same if the government can provide a reason for not recognizing a cause of action that was not considered in the applicable precedent. Thus, in *Egbert* itself the Court considered an excessive-force claim, similar to the one in *Bivens*, against a federal officer. *See Egbert*, 596 U.S. at 495, 142 S. Ct. 1793 ("*Bivens* and this case do involve similar allegations of excessive force and thus arguably present almost parallel circumstances or a similar mechanism of injury." (internal quotation marks omitted)). But it held that the court of appeals erred by recognizing a cause of action under *Bivens*, distinguishing *Bivens* based on facts that have no bearing on the elements of an excessive-force claim: the incident arose in the "border-security context," and Congress had created remedies for misconduct by government agents. *See id.* at 494, 142 S. Ct. 1793. Given such hurdles placed in the way of a *Bivens* cause of action, Mr. Logsdon has no claim.

*Id*. at 1355–56.

3

The Tenth Circuit in *Logsdon* found that "[a] second independent ground for not recognizing a *Bivens* action . . . is that the availability of alternative remedies for misconduct . . . suggests that this court should not be the institution to create a remedy." *Id*. at 1359. "If there are alternative remedial structures in place, that alone, like any special factor, is reason enough to limit the power of the Judiciary to infer a new *Bivens* cause of action." *Id*. (quoting *Egbert*, 596 U.S. at 493). The Tenth Circuit quoted *Egbert* as follows:

> "So long as Congress or the Executive has created a remedial process that it finds sufficient to secure an adequate level of deterrence, the courts cannot second-guess that calibration by superimposing a *Bivens* remedy. That is true even if a court independently concludes that the Government's procedures are not as effective as an individual damages remedy." *Id.* at 498, 142 S. Ct. 1793 (internal quotation marks omitted).

*Id*.

In *Silva*, the Tenth Circuit held that the Bureau of Prison's Administrative Remedy Program "ARP" was adequate. *Silva v. United States*, 45 F.4th 1134, 1141 (10th Cir. 2022) (finding that the key takeaway from *Egbert* is "that courts may dispose of *Bivens* claims for 'two *independent* reasons: Congress is better positioned to create remedies in the [context considered by the court], and the Government already has provided alternative remedies that protect plaintiffs' ") (citation omitted); *see also Noe v. United States Gov't*, 2023 WL 8868491, at *3 (10th Cir. Dec. 22, 2023) ("We need not decide whether Noe's case is meaningfully different from *Carlson*, because in the wake of *Egbert* and *Silva* . . . the availability of the ARP is sufficient to foreclose a *Bivens* claim despite any factual similarity between the two.").

In *Silva*, the Tenth Circuit had little difficulty in concluding "that the BOP Administrative Remedy Program is an adequate 'means through which allegedly unconstitutional actions . . . can be brought to the attention of the BOP and prevented from recurring.' " *Silva*, 45 F.4th at 1141

4

(citation omitted). The *Silva* court found that "because *Bivens* 'is concerned solely with deterring the unconstitutional acts of individual officers,' . . . the availability of the BOP's Administrative Remedy Program offers an independently sufficient ground to foreclose Plaintiff's *Bivens* claim." *Id*. (citing *Egbert*, 142 S. Ct. at 1806 (quoting *Malesko*, 534 U.S. at 71, 122 S. Ct. 515)).

Based on the reasoning set forth in the recent Tenth Circuit opinions cited above and in the Court's MOSC, the Court finds that Plaintiff fails to state a claim for relief under *Bivens*.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated July 18, 2024, in Kansas City, Kansas.**

<u>S/ John W. Lungstrum</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**